| | |
|---|---|
| ■United States Court of Appeals for the Tenth Circuit<br>Address: 1823 Stout Street, Denver, CO 80257 | |
| Appellant:         David William Dacres Shaver<br>Vs. Appellee(s):    Whittier HOA [Whittier Place Condominiums Homeowners Association, Incorporated]+ | Δ COURT USE ONLY |
| 'Pro Se' Party/Not member of Colorado Bar:<br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone: 303-351-4239   eMail: davidshaver@yahoo.com | Case Number:<br><br>23-1197 |

# OBJECTION TO ORDER DENYING 'MOTION TO CONSOLIDATE'+ AND NOTICE OF SUPPLEMENTAL AUTHORITY WITH MOTION FOR PERMANENT INJUNCTION AND COMPENSATION, ETC.

To any Honorable Judges of the U.S. Court of Appeals for the 10th Circuit:

**Preliminary Statement:**

Appellant acknowledges the Court's 9/25 notes regarding the "Petition for Writ of Mandamus" (23-1258) related to the absence of entry, fees, and notice. However, recent developments, outlined below, have rendered the separate petition effectively ~moot.

## I. Introduction:

David William Dacres Shaver ("Appellant") hereby objects to the prior rulings over his 'Petition for Writ of Mandamus' and related acts of the U.S. District Court for the District of Colorado. This document also serves as a notice of supplemental authority (supplementing Appeal Brief, p.28), outlining financial and temporal burdens stemming from these court actions, and recommends injunction.

## II. Factual Background:

**A) Jury Duty Timing:** Appellant was summoned to Jury Duty, in between emailing his Motion to Consolidate on 8/24 & its denial on 8/28, with the

Appellant being quickly dismissed on the morning of 8/28 upon providing them of <u>direct notice</u>, in their questionnaire documents, of the pending appellate case and 'Petition of Mandamus'. This situation also highlights a significant inconsistency in the lower court's claims over jurisdiction.

**B) Concerns of Impartiality:** The above incident and the quick dismissal post-mentioning the pending case(s) emphasised concerns about that court's evaluation of impartiality and procedural adherence.

**C) Inconvenience to Appellant:** Despite challenges, Appellant invested considerable time and effort in addressing the jury duty summons (12+ hours so far).

## III. Legal Grounds:

**A) Sixth Amendment:** The Sixth Amendment explicitly guarantees an "impartial jury." The jury summons conditions seem to undermine this constitutional right.

**B) Violation of the Jury Selection & Service Act:** Questions arise about the jury summons' validity based on the Jury Selection and Service Act, **28 U.S.C. § 1861 et seq.**, suggesting possible violations by a judge under recusal questions who denied having any jurisdiction. Most particularly its "Declaration of policy" mandates that jurors be "...selected at random from a fair cross section of the community...", including **§ 1863**. "Plan for random jury selection" (b)(3) "These procedures shall be designed to ensure the random selection of a fair cross section of the persons residing in the community in the district or division wherein the court convenes" (b)(4) "The chief judge of the district court, or such other district court judge as the plan may provide, may order additional names to be placed in the master jury wheel from time to time <u>as necessary</u>.". The manner of Appellant's summons suggests violation(s) of this Act.

**C) Judicial Immunity:** Referencing {<u>Stump v. Sparkman, 435 U.S. 349 (1978)</u>} & {<u>Richardson v. Koshiba, 693 F.2d 911 (9th Cir. 1982)</u>}, judges are not immune from actions taken in a clear absence of jurisdiction.

**D) Contradiction(s) concerning Jurisdiction:** Particularly in light of the intents of **28 U.S.C. § 1367**, the lower court's conduct exhibits a significant contradiction concerning jurisdiction. The court cannot selectively claim jurisdiction only when it serves its interests, such as improperly summoning the Appellant for jury duty in relation to the very case it contends it lacks sufficient jurisdiction to adjudicate. Such a stance undermines the principles of fairness, consistency, and the rule of law, leading to potential abuse of power and a denial of justice. This discrepancy in jurisdiction claims further highlights the importance of reevaluating and rectifying the lower court's approach to ensure it aligns with the legal standards and principles established by the U.S. legal system.

**E) Violation(s) of FRCP Rule 1:**

In addressing the sequence of events, Appellant hereby attempts to delineate the distinct actions and their repercussions as executed by both the lower and appellate courts, which have collectively culminated in the violation of Rule 1.

**1) Lower Court's Actions:**

The lower court's issuance of a jury duty summons to the Appellant amidst the pivotal stages of the appellate proceedings represents a substantial deviation from standard procedural conduct. This action has precipitated unnecessary delays, compounded logistical complexities, and imposed unwarranted financial and temporal burdens upon the Appellant. This summons, which resulted in the Appellant's swift dismissal, underscores the unwarranted complications infused into this legal process by the lower court's actions.

### 2) Appellate Court's Actions:

Conversely, the appellate court's decision to refuse to hear the petition as part of the appeal, or to consolidate related matters, or communicate with the federal court jury system at all over the issue, has further amplified the procedural intricacies and the attendant delays and expenses. This refusal obstructs the streamlined and coherent resolution of the interconnected issues within the appeal and the petition, thereby exacerbating the challenges faced by the Appellant in seeking a just and timely resolution.

The cumulative impact of these disparate yet intersecting actions by the lower and appellate courts conspicuously undermines the overarching objective of Rule 1 of the FRCP – the assurance of a 'just, speedy, and inexpensive determination of every action and proceeding.' The conspicuous divergence of the courts' actions from this fundamental principle (as well as their reported resulting delays in deliberation on the appeal itself, for a matter apparently not deemed part of the appeal to begin with) necessitates immediate and decisive rectification to realign the proceedings, and their treatment of other citizens, with the entrenched standards of federal legal processes, thereby safeguarding the integrity, fairness, and efficiency of the administration of this case.

### F) Issues Related to Jury Duty Summons and Selection:

In the context of the jury duty summons and the consequential selection process encountered by the Appellant, {Batson v. Kentucky, 476 U.S. 79 (1986)} emerges as a seminal authority. This epoch-making decision clearly delineates the unconstitutional nature of any form of discriminatory practices in jury selection, which was supposed to solidify the constitutional safeguard against such biases. In light of the swift and unexplained dismissal of the Appellant from jury duty, a

specter of potential bias, or apparent retribution by the judge looms, necessitating a thorough examination and rectification to ensure the unblemished administration of justice in conformity with established legal and constitutional standards.

### G) Bias and Prejudice in Legal Proceedings:

In the case {Bigby v. Dretke, 5th, 2003} they hilite the decision in {Liteky v. United States, U.S. (1994)}, which describes conditions in which decision makers are constitutionally unacceptable, as well as summarizing the landmark decision in {Withrow v. Larkin, 421 U.S. 35 (1975)} as "experience teaches that the probability of actual bias on the part of the judge ... is too high to be constitutionally tolerable" in cases in which the judge "has been the target of personal abuse or criticism from the party before him", which case also generally underscored the constitutional imperative to meticulously avert potential, real, or perceived bias.

## IV. Notice of Supplemental Authority (supplementing Appeal Brief, p.28):

The jury duty incident serves as supplemental authority by presenting new factual evidence relevant to the case. Despite reservations, Appellant complied with the jury duty summons. However, after revealing the ongoing legal matters, the Appellant was promptly dismissed. This abrupt dismissal underscores potential flaws in the jury selection process and emphasises the concerns regarding the court's jurisdictional inconsistencies, thereby providing additional factual evidence supporting the Appellant's claims and arguments within this appeal.

## V. Objection to Order Denying Consolidation:

The lower court's ability to determine Appellant's impartiality within 1.25 hours of arrival makes the requirement for re-filing and additional costs by this Court appear unwarranted and unjustifiable. This contradiction between their claims of jurisdiction over jury duty and previous claims that the Appellant didn't

have jurisdiction to bring the case in their court is highlighted.

**WHEREFORE,** Appellant requests that this Court, God willing, should ideally:

1) Recognise the Notice of Supplemental Authority and its implications on the necessity for additional filings and costs.

2) Reevaluate the denial of the 'Petition for Writ of Mandamus' (23-1258) and 'Motion to Consolidate,' considering the undue burdens of additional filings.

3) Issue a permanent injunction, in line with the intents of Rule 65, against the United States District Court for the District of Colorado, ensuring ongoing adherence to the **Sixth Amendment and 28 U.S.C. § 1861 et seq.**, including for other potentially affected citizens.

4) Compensate Appellant for time and effort, including 12+ hours of court-related preparations, and travel between Boulder and Denver, so far.

5) Grant Appellant any other relief the Court deems just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Objection, Notice & Motions has also been served via having been posted by regular mail upon [Suzanne Leff, Attorney, WLPP Law, 8020 Shaffer Parkway, Suite 300, Littleton, CO 80127], as well as being served electronically via eMail upon both Suzanne M. Leff <sleff@wlp-plaw.com> (current 'RegisteredAgent'), and Christine Mollenkopf <christine@boulderhoa.com> : Whittier HOA billing (located at the prior registered agent's address, ~ at the time of the fire), and further emailed to the DWS_vs_Whittier_HOA_+_notifier@x-in-g.com list which has been made available to residents who express(ed) an interest in subscribing, +added extra lawyers.

'Appellant' Signature: _/s/David W Shaver (PRO SE)_  Date: _____

Address: _1750 30th St Suite A338, Boulder CO 80301_   Phone: _303-351-4239_

