| ■United States Court of Appeals for the Tenth Circuit | |
| Address: 1823 Stout Street, Denver, CO 80257 | |
| Appellant:        David William Dacres Shaver<br>Vs. Appellee(s):    Whittier HOA [Whittier Place<br>Condominiums Homeowners Association, Incorporated]+ | Δ COURT USE ONLY |
| 'Pro Se' Party/Not member of Colorado Bar:<br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone: 303-351-4239   eMail:davidshaver@yahoo.com | Case Number:<br><br>**23-1197** |

## PETITION FOR REHEARING + NOTICE OF TAMPERING OR FALSIFI-
## CATION OF THE RECORD, +USC CONFLICTS, + LIKELY CERTIORARI

**Whereas** Appellant thinks that this Panel's decision to respond and give him a chance to address issues considered outstanding from your perspective was a correct one, and intends to address them one by one.  As an engineer, and to his advisors, at our current level of advisement, and amount of data at hand (over 20mb of research was done before initial federal filing alone), so many of these things appear obvious; if there is something we are missing, we hope you enlighten us! We herein attempt to provide extensible logical ~proofs of the inferability of issues spoken on in prior filings, delivered at the level of inference taught in ~high school in Appellant's day (though more efficiently or effectively put at levels used in graduate artificial intelligence at his University).

[Appellant prefers interpretation via 'original source doctrine' in this case]

### Directed Responses to Points in Appellate Judicial Order

**I. BACKGROUND** : Appellant does not feel that this their summary of the appeal or case is very complete or terribly/entirely accurate, but intends to .

[For one thing: This Panel appears to think he should have picked one source of jurisdiction, whereas with his background in 'parallel processing', he feels all pro-

vided [ΔDoc 24] should've been (and still should be) valid simultaneously (with the one providing best perspective for a just resolution used for any given issue)].

### ~Logical Proof of inferability of jurisdictions / interstate via Aristotelian:

**Major Premise (Universal Affirmative, 'A' proposition):** Every case that, upon dismissal, guarantees property destruction necessitating interstate action for just resolution falls under federal jurisdiction.

**Minor Premise (Particular Affirmative, 'I' proposition):** This particular case, if dismissed, guarantees property destruction that requires interstate action for just resolution.

**Conclusion (Particular Affirmative, 'I' proposition):** Therefore, this particular case falls under federal jurisdiction.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

### 1. Section 1983 : This Panel's Claims of Lack of Allegations Under § 1983 & Absence of a Direct § 1983 Cause of Action in the Initial Filing:

• Appellant alleged facts and provided evidence which he considers to have demonstrated that the HOA can be inferred to be a state actor [ΔDoc 1G+,ΔDoc 31,@Brief p8]. Indeed §1983 was included in the version of the 'Civil Cover Sheet's cause of action which he supplied to the lower Clerks, before it was tampered with, and also in his jurisdictional defense, which further explicated that government actors could be inferred [ΔDoc 24, p3:II(a),p5:IV]. Appellant's complaint explicitly indicated that his other filings be considered as part of the complaint [ΔDoc 1, p6], which Appellant feels should 'include' further jurisdictional elements that he had been required to research in [ΔDoc 24].

After having received this Order, he has now downloaded the lower Court's

version of his 'Civil Cover Sheet' [ΔDoc 1A1], reportedly at cost to him, in response to this his first notice of such error, seeing that his filings have indeed been tampered with, as the text in the original file delivered (and as viewed or printed by the default 'Preview' application on his Macintosh [named after his ancestral family] {upon which the technology used was first developed}, verifiably reads <u>"Common Law: Replevin (FRCP Rule 64 and/or 65), potentially with Preliminary Injunction (CRCP Rule 104 and/or 365) [including violations of 42 U.S.C. 1983]"</u> (and the damages altered also, brought at 5M to satisfy C.A.F.A. 28 USC 1711 minimums), which this Panel should have been able to verify at least if upon examination of the 'USB Stick' they appear to be claiming to have checked.  When Appellant first filed in Federal court, he was denied access to file via its electronic filing (unless  ~ he were willing to agree to adhere to Court Policy as if it were actually equivalent to U.S. law passed by Congress); and thus his filings to the lower court were done via email, and to the current Court via USPS. In his jurisdictional defense there [ΔDoc 24 VII(a)], he pointed out errors in their Clerks' handling of his documents.  In emails to those Clerks, he also explicated that they should verify their filings due to these errors [COD ProSe Filing:3/15+16/23].  He further provided all of the filings on the USB stick mentioned in said Order again, just in case. Given Appellant's history as a software engineer, he thinks it inferrable to anyone with coding experience that a software engineer would never intentionally enter truncated information with unbalanced parentheses in such a manner.

Appellant hereby informs this Court that his team currently considers the present state of this tampering to constitute tortious behavior, as in this (which includes apparent attempts to suppress items demonstrating the accurate informa-

tion he already gave them from the record), particularly if such should continue, that parties thus appear to be effectively conspiring with the lower court (with the involvement of software published by potential Defendant (specifically 'Adobe'), and also in so doing becoming a complicit accomplice to 'Adobe's attempts to monopolize the publishing industry) to tamper with evidence, and falsify the record, which may also be viewed as a civil conspiracy at least. To Appellant, with his engineering and quality assurance background, it is so obvious that it ~speaks for itself, that it is inferrable there has been negligence involved (on the part of the Court, and the developers of the software involved (Apple, Adobe, and those involved in developed your software involved with labelling or serving up filings, i.e. who didn't give warning of data truncation), and thus it appears that the burden to prove otherwise in this environment should be yours.

### ~Approximate Logical Proof via ~Aristotelian:

**Major Premise:** If an accident of a certain kind occurs, which should not happen without negligence, then the occurrence of the accident implies negligence.

**Minor Premise:** An accident of this kind (specific to the case at hand) has occurred.

**Application of Doctrine (Conclusion):** Therefore, it can be inferred that this accident implies negligence.

### ^ Applications (via extension) to such as 'Res Ipsa Loquitur' ^

Likewise, at his current level of advisement, it appears inferrably obvious to Appellant, given that he had informed Defendant and City in advance that their behavior appeared tortious, including the supplying of legal precedents in HOA meetings (ΔExhibit L) and at the scene, as well facially barred by the letter of the Constitution, and his actions, in being arrested in a public forum* for exercising

his supposedly Constitutional Rights, as a nonsignatory resident beneficiary allowed by trust law and terms to visit†, should therefore also inferrably qualify as a civil conspiracy, implying that the burden to prove that they weren't negligent in interpretation of the law should be theirs. {Supreme Court Precedents: *Marsh v. Alabama (1946) City not allowed to violate, †Surfside 84 Condominium Association v. Mullen (1999) HOA not allowed to violate rights either}. Appellant thinks it thus obvious from the facts and evidence presented that parties were acting under qualifying 'color of law'.

### ~Logical Proof of ~'Forewarned Conspiracy' inferrable via Appellant's filings, allowing such via Negligence to shift 'Burden of Proof':

**Major Premise (Focus on Plaintiff's Burden):** If a party (plaintiff) presents sufficient initial evidence suggesting that Defendant(s) actions, which were forewarned as potentially unlawful, resulted in harm consistent with those warnings (and especially if it is later shown that there is even more precedent which a competent legal specialist should have known about), then this establishes an initial case of negligence and possibly conspiracy.

**Minor Premise (Specific Instance):** In this case, a Plaintiff provided warnings to Defendant(s) about the potentially unlawful nature of their actions based on clear legal precedents or constitutional principles, and Defendant(s) proceeded with those actions, which resulted in harm consistent with the warnings.

**Intermediate Conclusion (Establishment of an 'Initial Case'):** Therefore, said plaintiff has established an initial case of negligence and, potentially, conspiracy, based on the provided evidence and the nature of the harm that occurred.

**Additional Consideration (Shift of Evidentiary Burden):** Once an 'initial case' is established, the burden should shift to Defendant(s) to rebut the presump-

tion of negligence and conspiracy that negates said Plaintiff's claims.

**Revised Final Conclusion (Conditional on Rebuttal):** The Defendants should now be required to present evidence or arguments to counter the 'initial case'. If they fail to provide sufficient rebuttal evidence, the inference of negligence and conspiracy as established by a Plaintiff's initial evidence may stand.

### ~Logical Proof of 'State Actor' inferability via Appellant's filings:

To clarify Appellant's position that Homeowners' Association (HOA) may be inferred as a state actor in this context, thus subject to 1983, we logically integrate multiple layers of complexity:

**Appellant's Advance Notice to HOA:** Appellant had provided advance notice to the HOA regarding the potential constitutional violations, informing them that such actions would be considered tortious. This notice indicates that Appellant not only foresaw the potential for rights violations but also formally communicated these concerns to the HOA. The HOA's decision to proceed despite this warning underlines their conscious engagement in actions with legal and constitutional implications.

**Presence and Role of Police:** The involvement of the police at the scene, acting upon the HOA's directives or in coordination with them, further blurs the line between private governance and state action. This could be seen as state endorsement or implementation of the HOA's actions, thereby imbuing those actions with state authority.

**Judicial Inaction and its Implications:** The Courts' refusal to provide alternative adjudication, leaving the HOA's decisions as the primary form of resolution, effectively places the HOA's actions in a position typically held by state authorities. This judicial inaction could be construed as a form of implicit state endorse-

ment of the HOA's role in adjudication, especially when it involves constitutional rights.

**Logical Inference from Filings: Appellant believes that it should thus be logically inferable** from the filings provided, that the HOA is acting as a state actor. The logical progression is as follows : if the HOA is informed of potential constitutional violations, proceeds despite this warning, involves the police in enforcing its decisions, and faces no alternative adjudication from the courts, then it follows that the HOA is functioning in a role akin to state action. The formal logic here hinges on the premise that when a private entity assumes roles typically reserved for the state, especially in the context of constitutional rights, and does so with state involvement or without state correction, it should be treated as a state actor.

**Unnecessary to Argue:** Appellant contends that this should be an obvious conclusion, not something to argue about, given the clear sequence of events and the established principles linking state action with constitutional accountability under Section 1983.

---

• ~**'Failure to File an Amended Complaint':**  The lower Judge's responses indicated that she considered none of Appellant's jurisdictional sources valid, as opposed to his team's opinion that all of them should have been & still be. Appellant pointed out [ΔDoc 32 p2:D(9)] that she was asking him[ΔDoc 27I+] to join 30 Defendants*, which was unreasonable, + without first verifying jurisdiction (though that* didn't appear to prompt her to find the motions that she had ~claimed to have originally missed [@Brief p11(b)] & rectify her false claims), and she didn't indemnify against attorney fee penalties as the Complaint [ΔDoc 1,p6] had asked for.  Her court rules also indicated that she wanted filings to be

reformatted in a significantly different manner, etc, which appeared to suggest significant rework(?). **Summary:** The lower court's claims, especially without clarifications which you have now provided, did not lend itself to modifying the original complaint, and adding additional Defendants without damages provable nor jurisdiction verified yet therefore appeared more hazardous.

**On Note #4 / WRT Gaines-Tabb v. ICI Explosives :** Appellant objects to this application (particularly for such 1 line descriptions of inferrable issues which had already been explicated as appeal items). Public records are allowed to be cited.

**2. 'Grable Doctrine Application':** Appellant disagrees w/claims that there aren't any issues inferrable as 'special and small' in this case; a few more may be:

**Civil Conspiracy and Federal Law:** If the allegations of civil conspiracy involve significant federal interests or rights, this might present a federal issue. The extent to which federal law governs civil conspiracy, especially in relation to evidence manipulation and legal process interference, could be substantial.

**State Actors and Section 1983 Claims in the Context of HOAs:** The discussion about HOAs potentially being considered state actors in certain situations could raise significant federal questions. The application of Section 1983 to private entities like HOAs, particularly when they are involved in law enforcement activities or when judicial inaction implies state endorsement, can present a substantial federal issue.

**Federal Jurisdiction and 'Forewarned Conspiracy' Inference:** Jurisdiction over actions by non-traditional state actor entities who are identified as such via 'forewarned conspiracy' (and the application of constitutional protections in such scenarios?).

**3. Declaratory Judgment Act Misinterpretation:** Appellant had provided this motion in order that the Appellate court might be able to use it, if appropriate, to extend any sources of jurisdiction found, if necessary, which might help in just resolution of the case [ΔDoc 24 p14 II(f)].

## B. Other Issues

### 1. Recusal (here Panel claims to review a case Hartz decided 'de novo'):

From Appellant's newly informed perspective, the lower Judge and her court Clerk were also effectively complicit in the negligence in not reporting the truncation of his document (*NOTE: Instead of destroying information, the Court could perform the duplication of information they claim to require at that time instead*); which amplified the apparent illogic & prompted nebulous requests which Appellant feels resulted in a breadth of work which should generally not be required, especially of 'Pro Se' Litigants  Further, by accepting her ~ representation of not having read the Motions on which it was indicated that an Asian Pacific company may be held accountable for seven figures+ in stock valuations, this panel appears to be claiming that her conflicts there do not exist because she was not sufficiently been made aware of them?  Appellant's preference for a rectification of the gender bias shown in his contributory court case judicial assignments was shown in his original email of 3/13/23 to that lower Clerk/ [ΔDoc 24, VII(b)], which also contained his unmodified 'Civil Cover Sheet', which Clerk he called & ensured the email was read. Appellant is not aware of what 'race' she may be considered, other than hominid; the nation where her parents lived when she was born is a matter of public record.

If that Court had simply requested Appellant to ~expound upon 42 U.S.C. 1983, Appellant could have done so much more expediently and efficiency.

Appellant informed her [ΔDoc 32 A] that a professional (with access to his untampered-with files) was able to determine jurisdiction readily. The U.S. court system's current regulations ~against non-law graduates practicing law greatly reduces the potential value of generally researching Jurisdiction to 'Pro Se' litigants (unlike research in one's own areas of expertise), and thus Appellant believes that the requested general jurisdictional research should have been unnecessary (especially given the errant modifications to his 'Civil Cover Sheet'), and thus (if without hope for compensation or admission to the bar without a law degree, unlike in Abraham Lincoln's time) inferrably could even be seen as a form of **slavery** (i.e. **8th & 13th amendment violations**), and thus further inferrably should generally likely be assigned to a qualified ~'Special Master'.

**2. Sealed Documents and Privacy Concerns:** Appellant only has access to 'pacer', which indicates documents are currently 'Reserved' (which sources claim may be a lesser status than 'Sealed'; this in combination with her denial of the Motion, and potential for exposure, are/were concerning to Appellant, and further prompted significant redaction and withholding of more confidential files during the case, including delaying the evidence of collusion she was complaining of not being provided (then provided after redactions, in Exhibit L [@Brief p8]). (FWIW, since Appellant's last filing in this court, this has included confidential constitutional amendment violations by the City that he has been unable to securely file, who is now even claiming he isn't a resident+, contrary to DMV+).

**3. Consolidation of State-Court Lawsuits:**

**Supporting Analogies and Concepts:**

• **Supplemental Jurisdiction (28 U.S.C. § 1367)**

• **Doctrine of Necessity in Judicial Practice**

- **Cases Involving Broad Interpretations of Federal Jurisdiction (e.g., Grable)**
- **Multidistrict Litigation (MDL) as an Analogy for Consolidation (of such).**
- **Judicial Efficiency and Avoidance of Conflicting Judgments as Policy Goals**

In this unique case, where both state and federal legal matters intricately intertwine around the complex issue of collecting on the value of interstate stock, we propose an innovative consolidation under the federal court's jurisdiction. This consolidation is not only warranted by the significant overlap in the objective of recovering stock valuation for a just resolutin in the state and federal cases but is also necessary to achieve a just outcome.  Although direct precedents are scarce, the Courts have previously adopted flexible approaches in complex, multi-jurisdictional cases (as seen in cases like Grable v. Darue) demonstrating a willingness to ensure comprehensive and just resolutions. In this context, consolidation may serve not only the interests of judicial economy but also the broader goal of providing a coherent and unified legal remedy for interconnected disputes.

**Perhaps Best Precedent for Merger / Consolidation of Cases (?):**

{United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)

**On Note #8 / Service of Process on the HOA:** Appellant thinks that he has covered service on the HOA relatively thoroughly Brief [p14(III)], and that Court systems in general should be updated to more effectively allow, even encourage, service of process, and electronic communications in general.  Appellant recommends that the Courts encourage Defendant(s)' participation in any further proceedings in this case.

### 4. Objections to Refusal to Consolidate

- Appellant recalls that the mandatory Jury Duty video we were required to watch even explicating via Supreme Court Justice that they knew it can be intimidating, so this Panel's claims that this was merely my perception are in conflict with

U.S.C.

•  The 'Motion for Writ of Mandamus' to 'quash' the Jury Duty succeeded in its goals despite obstructions, and thus continuing with it was not necessary (though he intended to if they persisted).  Appellant thinks it worth noting, also, the unjust contradiction illustrated by Defendants' potential necessity to participate in that action but not the current one (which prompted their entry of appearance+ here) - in that Court having claiming alternately first to have a total absense of jurisdiction, and yet enough jurisdiction to summon him ~60 miles.

•  **No**: in now verifying (reportedly at cost to him) Appellant's Objection filings were supposed to be first [@Doc '11033713' of 10/02/23] to the Mandamus failings & Jury Duty issues, and second to the Clerk independently issuing judgement on major components of his case (i.e. service [@Brief Argument III(b)]) via Policy rather than this Court having judged it using actual law passed by Congress, as requested.  This Court's Clerk appears to have <u>somehow entered a</u> <u>duplicate document</u> [@Doc '11034700' of 10/05] (which was mailed before the Clerk told him it would be too late if not by hand) instead of the one questioning Clerks' judgement [supposed to be in @Doc '11037640' of 10/18/23].

## III. Panel's 'CONCLUSION'

Appellant **objects to ~all** but vacating of lower Judge's denial of his motion.

### Adjudication via Policy vs Neural Network:

In Appellant's professional opinion as a software engineer, from an artificial intelligence perspective, the continued claims that Court Policy should prevail over intelligent evaluation of substantive law appear to be an obvious fallacy also (i.e. particularly given that the policy driven/~'expert system' engine Stockfish was ~annihilated by the neural network powered engines, several years ago ago,

and forced to switch to remain competitive), which Appellant considers to demonstrate that it is important to rectify. Claims that adhering to such policy are necessarily more efficient appear to be at least asymptotically narrowing.

### Appellant's choice of 'Petitioning' for 'En Banc' Rehearing:

**Contributive Factors:** include the amount of issues this Court still appears to consider obstacles, and the relatively very low rate at which the Supreme Court is currently said to be able to handle cases, and certiorati limit of 5 issues, and the apparent proportion of mistakes in this Panel's efforts to verify his own filings (who also appear from Appellant's perspective to have failed to appoint for themselves 'Special Master'(s) sufficiently adept at logic (and printing software) as he had recommended for improved evaluation of his case in the lower court), as well as the (random?) choice to include Mr Hartz amongst the panel when two of the prospective defendant entities bear the English (vs German) version of the 'Hart' name (and being from the same Alma Mater as the Judge below).

**Wherefore,** Appellant Moves that, God willing, if this Court wants to progress in directions which could make the the U.S. Court system better than it ever has been before, that this Court should support this "Petition for Rehearing 'En Banc'" on the 'Appeal Brief' & motions/support therein, correct the record with the attachments if permitted, and even, if appropriate, additionally for a ~mistrial/new trial below, given ~prejudice by record tampering & falsification, etc, and for any other beneficial relief deemed just and appropriate.

### Optional Extras:

### Dangers of Monopoly vs Constitutional tendency ~ Diversity in Governance

If one software company were allowed to monopolize the form printing indus-

try without sufficient competition, such company might rig the standards in such a way that only they could implement well (or, perhaps due to lack of competitive improvement, so ambiguous that competitors might implement them insincerely).

Another example: If one university were allowed to obtain a monopoly on supreme court appointments, such justices might cause policy to either be created in line with cryptic logical rules known only to themselves, and subsequently go back and teach changes to only their 'Alma Mater's students, so only they, and clients who can afford to hire them, could best understand how to navigate such policy (or so ambiguous that foreigners might take advantage of the situation by deliberately misinterpreting the intent thereof)...

**Conclusion:** Appellant's detail in the above has been constricted due to word count limits. Appellant intends at this point, with what he knows now, to most likely file for 'Writ of Certiorari' relatively soon (so if this court has adjustments to its position, and doesn't want the U.S.C. to be informed of recorrd tampering or falsification issues, etc. (or has a modified position which might affect the $\leq 5$ issues that he prioritizes to the U.S.C.) then Appellant recommends that this Court should let him know within two weeks, before 'booklets' may have to go into printing). The electronic files that Appellant provided links to Clerks with in service emails are still on his servers at the same location they were when he emailed, if needed.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this **'PETITION FOR REHEARING + NOTICE OF TAMPERING OR FALSIFICATION OF THE RECORD, +USC CONFLICTS, + LIKELY CERTIORARI'** has also been served via having been posted by regular mail upon [Suzanne Leff, Attorney, WLPP Law, 8020 Shaffer Parkway, Suite 300, Littleton, CO 80127], as well as being served electronically via eMail upon both Suzanne M. Leff <sleff@wlpplaw.com> (current 'RegisteredAgent'), and Christine Mollenkopf <christine@boulderhoa.com> : Whittier HOA billing (located at the prior registered agent's address, ~ at the time of the fire), and further emailed to the DWS_vs_Whittier_HOA_+_notifier@x-in-g.com list which has been made available to residents who express(ed) an interest in subscribing, +added extra lawyers.

Appellant herein has been asked to speak for a number of things that appear to him and his advice to ~'speak for themselves', which, if using over 2000 year old logic appears seemingly can ~easily be expressed using 'hypothetical syllogisms' which are not actually considered hypothetical at all, rather, well proven.

Saying of Native American Relatives: "White Man speak with forked tongue."

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver    (PRO SE)    Date: _01.15.2024_

Address: _1750 30th St Suite A338, Boulder CO 80301_    Phone: _303-351-4239_

JS 44 (Rev. 1/15) District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David William Dacres Shaver

## DEFENDANTS

Whittier Place Condominiums H.O.A., Inc.;
(c/o Christine T Mollenkopf, 'President')

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Boulder, CO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRÓ SÉ : 1750 30th St Suite A338, Boulder CO 80301,
303-351-4239

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Common Law : Replevin (FRCP Rule 64 and/or 65), potentially with Preliminary Injunction (CRCP Rule 104 and/or 365) [including violations of 42 U.S.C. 1983]

Brief description of cause:
Initial Cause of Action is Replevin of –Seized Property in Unit of Fire Damaged Building

AP Docket

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
? UNDER RULE 23, F.R.Cv.P.

DEMAND $
Preferred: Preliminary Injunction,
and >= $5 Million

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE                                                 DOCKET NUMBER

DATE
3.13.2023

SIGNATURE OF ATTORNEY OF RECORD
*Shaver* ——— /s/David W Shaver

FOR OFFICE USE ONLY

RECEIPT #              AMOUNT                    APPLYING IFP                         JUDGE                    MAG. JUDGE

| ■United States Court of Appeals for the Tenth Circuit | |
|---|---|
| Address: 1823 Stout Street, Denver, CO 80257 | |
| Appellant:        David William Dacres Shaver<br>Vs. Appellee(s):    Whittier HOA [Whittier Place<br>Condominiums Homeowners Association, Incorporated]+ | Δ **COURT USE ONLY** |
| 'Pro Se' Party/Not member of Colorado Bar:<br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone: 303-351-4239   eMail: davidshaver@yahoo.com | Case Number:<br><br>**23-1197** |

# OBJECTION TO CLERK'S ORDERS TO THE EFFECT THAT COURT

# POLICY SUPERSEDES LAW, AND REQUEST FOR JUDICIAL REVIEW

Given that Appellant's last objection was highlighted as being an objection to a "Clerk's Order" alone, and the fact that discussions with clerks have variously indicated that the case wasn't being deliberated on yet (prior to Appellant's filing dated 10/01), and the latest 'Panel Assignment' shows no judges yet assigned to the case, in the interests of 'Preservation of Issues', 'Correcting the Course', and 'Procedural Fairness', Appellant hereby makes his general objection to Clerks ruling on issues on the basis of policy alone, when Appellant believes that his filings have made it clear that law and precedent support his positions.  In addition to the objection over the Jury Summons issues already presented, here is additional support for those arguments contained in 'Argument C' of his appeal brief (and those in the the referenced [Jeffco Case#21C417, Memorandum of 6.3.2021], which argued that Defendants' notice & service of process should be considered sufficient:

**1. Goldberg v. Kelly, 397 U.S. 254 (1970)**            Key Principle: Right to Be Heard

- The Court held that due process requires an opportunity to be heard and present one's case, as well as the ability to confront adverse witnesses, in certain pro-

ceedings that might result in the deprivation of a property interest.

**2. <u>Fuentes v. Shevin, 407 U.S. 67 (1972)</u>** Key Principles: Due Process, Property Rights

- Fuentes v. Shevin explored the right to due process in the context of the seizure of property, holding that, in most instances, due process requires notice and a hearing before the state can interfere with a person's property rights.

**3. <u>United States v. 51 Pieces of Real Property, Roswell, N.M., 17 F.3d 1306 (10th Cir. 1994)</u>**, Key Principles: Substantial Compliance, Illegal Seizures / Forfeitures

- The 10th Circuit indicated that where the party that had to be served personally received actual notice, and no actual prejudice occurred, a technical failure to comply strictly with the provisions of [FRCP 4] may not invalidate the service of process (yet in this case, Appellant's property appears to have been effectively ~forfeited anyhow).

Appellant's property interests were clearly at risk, and yet he was denied the right to be heard before his property was destroyed, apparently merely on the claimed basis of technicalities.  Appellant believes that there was "substantial compliance" with service of process requirements that any deficiency did not 'prejudice' Defendant(s) (who in addition to Appellant's email evidence, in their own filing made to this court, apparently even admits to having received Appellant's mailings), and that the Courts should be prioritizing the pursuit of substantive justice over policy.

**WHEREFORE,** Appellant Objects to any ~adjudication which may have occurred of major points of this Case by Clerks alone, and Moves that, God Willing, this Court should reconsider and/or perform a Judicial Review, including any additional information contained in this filing, and for any other relief deemed just and/or appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this **'OBJECTION TO CLERK'S ORDERS TO THE EFFECT THAT COURT POLICY SUPERSEDES LAW, AND REQUEST FOR JUDICIAL REVIEW'** has also been served via having been posted by regular mail upon [Suzanne Leff, Attorney, WLPP Law, 8020 Shaffer Parkway, Suite 300, Littleton, CO 80127], as well as being served electronically via eMail upon both Suzanne M. Leff <sleff@wlp- plaw.com> (current 'RegisteredAgent'), and Christine Mollenkopf <chris- tine@boulderhoa.com> : Whittier HOA billing (located at the prior registered agent's address, ~ at the time of the fire), and further emailed to the DWS_vs_Whittier_HOA_+_notifier@x-in-g.com list which has been made available to residents who express(ed) an interest in subscribing, +added extra lawyers.

(sent 10/18)

'Appellant' Signature: _David W Shaver /s/David W Shaver(PRO SE)_  Date: 10.15.2023

Address: 1750 30th St Suite A338, Boulder CO 80301    Phone: 303-351-4239

Page 3

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

January 02, 2024

David William Dacres Shaver
1750 30th Street, Unit A338
Boulder, CO 80301

**RE:**     **23-1197, Shaver v. Whittier Condominiums HOA**
         Dist/Ag docket: 1:23-CV-00645-NYW

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Wendy E. Weigler

CMW/jm

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

January 2, 2024

Christopher M. Wolpert
Clerk of Court

DAVID WILLIAM DACRES SHAVER,

Plaintiff - Appellant,

v.

WHITTIER CONDOMINIUMS HOA,

Defendant - Appellee.

No. 23-1197
(D.C. No. 1:23-CV-00645-NYW)
(D. Colo.)

─────────────────

ORDER AND JUDGMENT*

─────────────────

Before **HARTZ**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

─────────────────

David William Dacres Shaver, proceeding pro se, appeals the district court's

sua sponte dismissal of his lawsuit for lack of subject-matter jurisdiction.  He also

challenges certain procedural orders.  Exercising jurisdiction under 28 U.S.C. § 1291,

─────────────────

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we affirm except we remand for further proceedings on Mr. Shaver's motion to seal certain materials.[1]

## I. BACKGROUND

This case concerns the aftermath of a fire at the Whittier Condominiums where Mr. Shaver lived in the City of Boulder. In his complaint, Mr. Shavers alleged that a police officer ordered him to evacuate immediately, he left behind personal property, the City has prevented him and other residents from returning to collect their property, and the City planned to tear down the damaged buildings.

Mr. Shaver's complaint attempted to assert a replevin claim against the Whittier Condominiums HOA. For federal jurisdiction, he invoked Federal Rule of Civil Procedure 64 (governing seizure of persons or property to secure a potential judgment) and Colorado Revised Statutes § 13-6-104(1) (governing Colorado county court jurisdiction). He also stated that "the issues involve interpretations of the U.S. Constitution's 4th, 5th and 14th amendments (pursuant to 28 U.S.C. § 1331)." R. at 5.[2]

The district court ordered Mr. Shaver to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. In response, he pointed to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545

---

[1] Because Mr. Shaver appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Mr. Shaver did not sue the City of Boulder, though he sent the City a notice of claim.

U.S. 308 (2005), which described when "federal-question jurisdiction will lie over state-law claims [between nondiverse parties] that implicate significant federal issues," *id.* at 310, 312. He said the significant federal issues would be "[t]he interpretation and application of the 4th, 5th, and 14th Amendments in cases involving the wrongful detention of property [which] implicate the balance between individual rights and the interests of property owners." ROA at 33. He also asserted that because his allegations demonstrated the HOA was acting under color of state law, 42 U.S.C. § 1983 could provide jurisdiction. He further invoked the Declaratory Judgment Act, 28 U.S.C. § 2201.

The district court rejected these arguments. It found no likelihood under *Grable* that federal constitutional issues would arise in a property dispute between two private actors and that the case would otherwise be too fact-bound to create a significant federal issue. The court said his allegations did not show the HOA had acted under color of state law and concluded that "he cannot rely on section 1983 as a basis for federal jurisdiction." ROA at 47. Finally, following case law, it said the Declaratory Judgment Act is not a basis for jurisdiction.

The district court thus held it did not have subject-matter jurisdiction and dismissed the complaint without prejudice, allowing Mr. Shaver three weeks to file an amended complaint. It warned that failure to file a timely amended complaint would end the case.

Instead of filing an amended complaint, Mr. Shaver moved for authorization to file an interlocutory appeal. The district court denied his motion and entered final judgment.[3] This appeal followed.

## II. **DISCUSSION**

Mr. Shaver challenges the district court's dismissal of his complaint for lack of jurisdiction. He also raises several other issues. We address only those arguments that Mr. Shaver makes in his appellate briefing.[4]

### A. *Subject-Matter Jurisdiction*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). We review such a dismissal de novo. *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1115 (10th Cir. 2023).

### 1. **Section 1983**

The district court said § 1983 could not support jurisdiction because Mr. Shaver had failed to allege the HOA was a state actor or was otherwise acting

---

[3] The HOA had not made an appearance by this point.

[4] In his brief, Mr. Shaver attempts to incorporate arguments made in the district court. *See, e.g.*, Aplt. Br. at 6 ("Overall, this appeal seeks to cover the majority of appealable points raised in [a particular district court filing], the others appearing inferrable [sic] hereby."); *id.* at 7 ("The District Court Judge's objections against Appellant's filings generally appear . . . refuted by subsequent filings[] [and] supplied precedents . . . ."). Merely referring to district court filings does not adequately present a claim of error on appeal. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998).

under color of law.  We prefer to affirm on a more direct ground, namely, Mr. Shaver

never pled a § 1983 cause of action.  In his brief, Mr. Shaver says the civil cover

sheet filed with his complaint "clearly states 'violations of 42 U.S.C. 1983,'" Aplt.

Br. at 6, but it did not.  In the box requiring the plaintiff to cite the statutory basis of

the claim, Mr. Shaver wrote, "Common Law:  Replevin (FRCP Rule 64 and/or 65),

potentially with Preliminary Injunction (CRCP Rule 104 and/or 3."[5]  ECF No. 1-1

§ VI.[6]  And in the box requiring a brief description of the claim, he wrote, "Initial

Cause of Action is Replevin of ~Seized Property in Unit."  *Id.*  Nowhere did he

reference § 1983 on the cover sheet or in the complaint.

Although Mr. Shavers briefly referred to § 1983 in his response to the order to

show cause, § 1983 was absent from his complaint, and he failed to amend.  Thus,

§ 1983 does not provide subject-matter jurisdiction.  We affirm on this alternate

ground.[7]

---

[5] He seems to have run out of space in the fillable form field.

[6] We grant Mr. Shaver's motion to supplement the record as to ECF No. 1-1,
ECF No. 2, and ECF No. 25.  The Clerk of Court shall create a supplemental record,
volume II, containing these documents.  We otherwise deny the motion to
supplement.

[7] "[W]e may affirm on any basis supported by the record, even if it requires
ruling on arguments not reached by the district court or even presented to us on
appeal."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

## 2. *Grable*

Mr. Shaver alleged that his case implicated various federal constitution provisions. He argued to the district court and argues here that *Grable* thus supports jurisdiction. We disagree.

*Grable* cases comprise a "special and small category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). For jurisdiction, they generally require an important, unresolved issue of federal law that will inevitably arise, and once resolved, will govern numerous later cases. *Id.* at 700. Mr. Shaver never explains how his suit against the HOA would raise such an issue. We thus affirm the district court's conclusion that *Grable* does not support subject-matter jurisdiction.

## 3. Declaratory Judgment

As to the Declaratory Judgment Act, the district court correctly held that the "Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).

\*    \*    \*    \*

We affirm the district court's sua sponte dismissal of Mr. Shaver's complaint for lack of subject-matter jurisdiction.[8]

---

[8] We do not reach Mr. Shaver's argument about whether he properly served the HOA with process. Because the district court lacked jurisdiction, the matter is moot.

B. *Other Issues*

## 1. Recusal

In his response to the district court's order to show cause, Mr. Shaver claimed

the court was "unduly burdening [him] . . . with basic research" and had "displayed

impatience" by issuing the order, ROA at 36, 37, and then asked the district judge to

recuse herself. She denied this request, noting the court had an affirmative duty to

determine whether it had subject-matter jurisdiction.

"We review the denial of a motion to recuse for an abuse of discretion." *Bryce*

*v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).

The district court properly raised and addressed whether it had jurisdiction. We

discern no abuse of discretion and affirm.[9]

## 2. Motion to Seal

Mr. Shaver filed several exhibits in support of his complaint, some of them

under seal. He also filed a motion to seal. One sealed exhibit, "Exhibit J," was too

big to upload, so he mailed a flash drive to the district court clerk's office, which

accepted the flash drive and stored it in a filing cabinet.

When the district court dismissed Mr. Shaver's complaint, it denied pending

motions "as moot," including the motion to seal. ROA at 54. Mr. Shaver now argues

the court left his sealed information "unprotected." Aplt. Br. at 13.

---

[9] On recusal, Mr. Shaver also mentions the district judge's gender and ethnic
background. He never raised these matters below and his arguments are wholly
without merit.

Apart from Exhibit J, the district court docket shows the materials remain sealed despite the district court's denial of the motion to seal. The docket entry does not say whether Exhibit J is sealed.

The sealed status of these materials needs clarification. We vacate the denial of the motion to seal and remand for further proceedings on this issue.[10]

### 3. State-Court Lawsuits

Shaver apparently has two ongoing lawsuits in Colorado state court having to do with the property of his late father. In his brief, he asks this court to create a single, consolidated proceeding in which all issues from his state and federal lawsuits may be resolved. We are not aware of any authority permitting such relief, so we reject this request.

### 4. Objections to Refusal to Consolidate

While this appeal was pending, Mr. Shaver received a federal jury summons, which he perceived as harassment or retaliation for bringing this appeal. He filed a mandamus petition to quash the jury summons, which became No. 23-1258. He then filed a motion to consolidate this appeal (No. 23-1197) with the mandamus proceeding. The Clerk of Court denied the motion to consolidate, and the mandamus proceeding has since been dismissed for lack of prosecution.

---

[10] Mr. Shaver also points out documents he filed in the district court that he marked "Intended Sealed," *see, e.g.*, Suppl. ROA, Vol. I at 5, and says these also should be sealed. Because he did not file a motion to seal them, we do not discuss them.

Mr. Shaver has filed two "objections" to the Clerk's order denying his motion to consolidate. We construe them as motions to reconsider and deny them as moot in light of our affirmance of the dismissal for lack of subject matter jurisdiction.

### III. **CONCLUSION**

We (1) affirm the district court's dismissal for lack of subject matter jurisdiction, (2) affirm the district court's denial of Mr. Shaver's recusal motion, (3) vacate its denial of Mr. Shaver's motion to seal and remand for further consideration consistent with this opinion, (4) reject Mr. Shaver's request to consolidate his state-court lawsuits with this appeal, and (5) deny as moot Mr. Shaver's two "objections" to the Clerk of Court's order denying his motion to consolidate.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge





RT 324
B 2642 1 17:00
01:16
FZ

ORIGIN ID:FNLA  (303) 351-4239
DAVID WILLIAM SHAVER

2301 PEARL ST

BOULDER, CO 80302
UNITED STATES US

SHIP DATE: 15JAN24
ACTWGT: 0.40 LB
CAD: 6995849/SSF02460

BILL CREDIT CARD

TO  US COURT OF APPEALS
CASE # 23-1197
1823 STOUT ST
COURT CLERK
DENVER CO 80257

(303) 844-3157      REF:
INV:
PO:                 DEPT:

Look inside Env



FedEx
Express

E

TUE - 16 JAN 5:00P
STANDARD OVERNIGHT

TRK# 7892 9761 2642
0201

72 FOLA

80257
CO-US  DEN



Part # 152037-43B-PRIDE (E)FX12/24

Envelo
I'm recy