| | |
|---|---|
| ■United States Court of Appeals for the Tenth Circuit<br><br>Address: 1823 Stout Street, Denver, CO 80257 | RECEIVED<br>U.S. COURT OF APPEALS<br>10TH CIRCUIT<br><br>2024 FEB 20 P 3: 01 |
| Appellant:         David William Dacres Shaver<br>Vs. Appellee(s):    Whittier HOA [Whittier Place Condominiums Homeowners Association, Incorporated]+ | △ COURT USE ONLY △ |
| 'Pro Se' Party/Not member of Colorado Bar:<br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone: 303-351-4239   eMail:davidshaver@yahoo.com | Case Number:<br><br>23-1197 |

## MOTION TO STAY MANDATE PENDING FILING FOR WRIT OF CERTIORARI

Appellant/Petitioner hereby argues for a stay of the mandate pending the filing and disposition of a 'Petition for a Writ of Certiorari' to the Supreme Court of the United States. This motion is made on the belief that the petition raises substantial questions of law that are of national importance and that good cause exists for granting the stay, given the unique circumstances of this case.

### Substantial Questions Presented:

Said (already printing) Petition is intended to present substantial questions regarding:

• The intersection of federal question jurisdiction with non-traditional entities and civil conspiracies, especially involving the court system or state law enforcement, and its implications for state actor status under federal law.

• An apparent urgency to reevaluate court policies in light of technological advancements, aiming for a U.S. judicial process that prioritizes substantive law implications over procedural rigidity.

• The proposal of an ~'Inevitable Federal Jurisdiction Doctrine' to preemptively recognise cases with inherent federal elements, promoting efficiency and fairness in disputes with clear federal interests.

• The U.S. judicial system's handling of claims implicating ancestral treaty

rights, examining whether such refusals to adjudicate constitute a failure to deliver on any judicial mandates for justice.

- The procedural discrepancies and potential intimidation tactics, such as the issuance of a jury duty summons despite a claimed lack of jurisdiction and other interferences that appear to prejudice Plaintiffs'/Appellants' rights.

### Causes for Stay:

Good cause for a stay of the mandate is believed to exist due to:

- The district court's preemptive action in closing the case, which overlooks the automatic stay provision which should have been effectively triggered by the filing for rehearing en banc, and the pending Petition, raising procedural concerns that should merit U.S. Supreme Court clarification.

- The appellate panel's reissuance of their order, which, while correcting certain errors, leaves unresolved issues that may bear on my reputation and/or legal standing, thereby encouraging U.S. Supreme Court review.

- The complexities and potential international reach of this case, signal the significance and broad implications of the legal questions involved.

- The destruction of property by the defendant, which eliminates the urgency for immediate mandate enforcement, suggesting no detriment to delaying proceedings pending U.S. Supreme Court review.

- The indication by seminal treaties referred to, that federal legal recourse must be sought before any resort to tribal mechanisms, emphasising the importance of maintaining federal jurisdiction for it to resolve these matters comprehensively.

Given these circumstances, it is believed that a stay would serve the interests of justice by allowing for a thorough examination of significant legal questions that extend beyond the immediate parties to this case.

**Conclusion:** It is believed to be in the interest of justice, fairness, and the integrity of the U.S. judicial process to stay the mandate pending the U.S. Supreme Court's review, and that such a stay should not only address the unique procedural and jurisdictional challenges of this case but also provide much-preferred guidance on issues of significant national importance.

**WHEREFORE,** Given the questions we consider substantial poised for U.S. Supreme Court review, and the good cause that we believe that we've shown for a stay, Appellant/Petitioner moves that, God willing, this Court should stay the mandate, pending the filing and disposition of a 'Petition for a Writ of Certiorari…', and/or perform any appropriate rectification of the lower court, and/or for any other appropriate relief deemed just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this '**MOTION TO STAY MANDATE PENDING FILING FOR WRIT OF CERTIORARI**' has also been served via having been posted by regular mail upon this Court, and [Suzanne Leff, Attorney, WLPP Law, 8020 Shaffer Parkway, Suite 300, Littleton, CO 80127], as well as being served electronically via eMail upon CA10_Team1@ca10.uscourts.gov, and both Suzanne M. Leff <sleff@wlpplaw.com> (current 'RegisteredAgent'), and Christine Mollenkopf <christine@boulderhoa.com> : Whittier HOA billing (located at the prior registered agent's address, ~ at the time of the fire), and further emailed to the DWS_vs_Whittier_HOA_+_notifier@x-in-g.com list which has been made available to residents who express(ed) an interest in subscribing, +added extra lawyers.

'Appellant' Signature: /s/David W Shaver(PRO SE)    Date: 02.19.2024

Address:  1750 30th St Suite A338, Boulder CO 80301     Phone: 303-351-4239